848 F.2d 193
 129 L.R.R.M. (BNA) 2800
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
BADDOUR, INC., Respondent.
 No. 86-6224.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1988.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and S. ARTHUR SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 The National Labor Relations Board ("the Board") petitions for enforcement of its order finding that respondent, Baddour, Inc., violated subsections 8(a)(1), (3) and (4) of the National Labor Relations Act ("the Act"), 29 U.S.C. Sec. 158(a)(1), (3), (4), by coercively interrogating its employees; by surveillance, or creating the impression of surveillance, of employees; by maintaining and giving effect to an invalid no-solicitation/no-distribution rule; by discharging, demoting, warning, or otherwise disciplining employees engaged in protected, concerted activities; and by causing the cessation of an employee's workers' compensation benefits. The Board's order required Baddour to cease and desist its unfair labor practices, to reinstate and make whole employees who were unlawfully discharged or otherwise disciplined, to preserve and make available for inspection certain business records, and to post a notice. The order also set aside an election and ordered a new election; however, that portion of the order is not before this court.
 
 
 2
 Baddour requests this court to deny enforcement of the order and dismiss the complaint, or remand the case for a new hearing. It asserts that there was insufficient evidence to find it in violation of the Act, and that the administrative law judge was biased, with the result that Baddour was denied due process of law.
 
 
 3
 This matter arises from attempts by Local 667 of the Teamsters Union to organize certain employees of Baddour's Memphis, Tennessee facility. Between the September 1982 filing date of the election petition and the February 1983 hearing date, numerous unfair labor practice complaints were filed by the union against Baddour. These cases were consolidated and were heard by an administrative law judge who found that Baddour had engaged in unfair labor practices in violation of subsections 8(a)(1), (3) and (4) of the Act and recommended that Baddour take corrective action regarding certain employees. Baddour filed exceptions to this decision with the Board, primarily arguing that the A.L.J. exhibited extreme bias against it during the hearing. On September 26, 1986, the Board issued its order, reported at 281 N.L.R.B. No. 84. The Board substantially adopted the A.L.J.'s decision, finding that certain actions of Baddour had indeed violated subsections 8(a)(1), (3) and (4) of the Act, but that others did not. This petition for enforcement followed.
 
 
 4
 A reviewing court must uphold and enforce the decision of the Board when substantial evidence on the record as a whole supports its findings, even though it might justifiably have made a different choice had the matter been before it de novo. Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); NLRB v. Okun Bros. Shoe Store, Inc., 825 F.2d 102, 105 (6th Cir.1987), cert. denied, 108 S.Ct. 1109 (1988).
 
 
 5
 Baddour contends that the A.L.J. exhibited bias by harassing and intimidating its witnesses; by making inconsistent evidentiary rulings favoring the general counsel; by flippantly commenting upon the testimony of company witnesses; and by banning one of its attorneys from the hearing, and threatening its lead counsel with expulsion, for their continuous objections.
 
 
 6
 We have carefully reviewed the briefs and record in this case and agree with the conclusion of the Board, made after serious consideration of the allegations, see 281 N.L.R.B. No. 84 at 1, n. 2, that each of these assertions is without merit. While we do not altogether approve of the manner in which the A.L.J. conducted the hearing, his indiscretions did not amount to a due process violation. A review of the transcript discloses that this was a bitterly contested case before the A.L.J., and that he did a good deal of probing in an effort to obtain the truth. Friction developed between the A.L.J. and counsel for Baddour. However, an A.L.J. possesses wide latitude in the conduct of the hearings before him regarding direct and cross-examination, the handling of objections, and arguments of counsel. 29 C.F.R. Secs. 102.35, 102.64(a) (1987); see, e.g., NLRB v. Overseas Motors, Inc., 818 F.2d 517, 520 (6th Cir.1987) (A.L.J. can interrupt or question witness to clarify testimony). We find no evidence that Baddour was deprived of a fair hearing, and are not persuaded that it was deprived of due process.
 
 
 7
 Baddour also argued that the alleged bias of the A.L.J. so tainted his judgment that the credibility resolutions he made against Baddour should not stand. Credibility determinations "will be upheld if they are 'reasonable,' or if they have a 'rational basis.' " NLRB v. Garon, 738 F.2d 140, 142 (6th Cir.1984) (citations omitted). It is clear from its opinion that the Board did not simply accept the A.L.J.'s findings, but made a thorough evaluation of evidence presented at the hearing. Although it rejected several of the findings of the A.L.J. of unfair labor practices by Baddour, the Board agreed that certain actions taken by Baddour violated subsections 8(a)(1), (3) and (4) of the Act. We conclude that there was substantial evidence on the record as a whole to support the Board's findings that Baddour had violated the Act.
 
 
 8
 Accordingly, we grant enforcement of the Board's order.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation